**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DONALD DURLAND,<br><br>      Plaintiff,<br><br>  v.<br><br>JESSE JAMES STRAUB, an individual, and STRAUB CONSTRUCTION LLC, an Oregon limited liability company,<br><br>      Defendants. | Case No. 3:20-cv-00031-IM<br><br>Plaintiff's motion to amend |

  Plaintiff's counsel hereby certifies that he made a good-faith effort to confer with defendants (who are unrepresented) on the subject of this motion but was unsuccessful. On December 20, 2020, plaintiff's counsel mailed a copy of this motion and the proposed amended complaint to defendants at the three addresses and one email address indicated by former defense counsel in their certificates of service to defendants. The cover letter asked defendants to call plaintiff's counsel or to write with defendants' telephone number so that conferral could be completed. No response was received.

  Plaintiff therefore moves to amend his Complaint to add an additional named plaintiff, Robert Fritchie. Mr. Fritchie was a class member who previously preferred not

to be listed as a named plaintiff. However, with the non-cooperation experienced thus far from defendants, it may be difficult to establish the elements of class or collective certification. Mr. Fritchie therefore wishes to add himself as an additional named plaintiff so that he may recover regardless of the outcome of certification efforts.

In addition, plaintiffs (including Mr. Fritchie) wish to make additional allegations of wage-and-hour violations based on information and belief. Plaintiffs had intended to make such allegations based upon plaintiff's counsel's analysis of the documents requested in discovery. However, no documents have been produced, and the deadline for production has passed. If the case is going to be resolved by default judgment, plaintiffs would like to plead their best estimates regarding the violations at issue, per *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

Plaintiffs (including Mr. Fritchie) therefore seek leave of Court to file the attached proposed First Amended Complaint.

Dated this February 3, 2021

                                              JON M. EGAN, P.C.

                                              */s/ Jon M. Egan*

                                              JON M. EGAN, OSB # 002467
                                              (503) 697-3427
                                              Attorney for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing is served on defendants by first-class US mail as follows:

| | | |
|---|---|---|
| Jessie James Straub<br>Straub Construction LLC<br>P.O. Box 333<br>Molalla, OR 97038 | Straub Construction LLC<br>Attn: Jessie James Straub<br>724 Trinity Ct<br>Molalla, OR 97038 | Jessie James Straub<br>32690 S Mathias Rd<br>Molalla, OR 97038 |

And via email:
*Jessie.straubconstruction@gmail.com*

Dated this February 3, 2021

JON M. EGAN, P.C.

*/s/ Jon M. Egan*

JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiff(s)

**Plaintiff's motion to amend**　　　　　　　　　　　　　　　　　　　　　　　Page 3

**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DONALD DURLAND and ROBERT FRITCHIE, | Case No. 3:20-cv-00031-IM |
| Plaintiff, | PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | |
| JESSE JAMES STRAUB, an individual, and STRAUB CONSTRUCTION LLC, an Oregon limited liability company, | |
| Defendants. | |

**Preliminary Statement**

1.

Plaintiffs Donald Durland and Robert Fritchie complain against Jessie James Straub, an individual, and Straub Construction LLC, an Oregon limited liability company (defendants referred to herein as "STRAUB"). Unless otherwise specifically limited herein, all facts, claims for relief, and causes of action are alleged against each and every defendant. This is an individual and class and collective action under state and federal laws for certain present and former employees of STRAUB to recover unpaid wages, penalty wages, statutory damages, non-economic damages, liquidated damages,

**Plaintiff's first amended complaint**     Page 1

punitive damages, and attorney fees, costs, and disbursements (and pre-judgment interest thereon), as well as equitable and declaratory relief. All allegations herein are made to the best of plaintiffs' and their counsel's good-faith knowledge, information, and belief, based upon the evidence available to them at this time, before the parties have had the chance to conduct full discovery, and plaintiffs reserve the right to amend the allegations following completion of discovery.

## Jurisdiction and Venue

2.

Defendants removed this case over plaintiffs' objection, and plaintiffs do not concede that removal was proper. In their notice of removal, defendants alleged that this Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 (Federal Question).

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because plaintiffs and the class and collective members were employed by STRAUB in this district, and the acts and omissions that are the subject of this suit transpired in this district.

## Facts Constituting Claims For Relief

4.

STRAUB withheld a paycheck from plaintiff Donald Durland based upon a false allegation that he had taken a draw.

5.

STRAUB on many occasions deducted all or part of the employer's share of Oregon Workers' Benefit Fund assessments from the wages of plaintiffs and the class members,

including by failing to reduce the statutory deduction rate when it was changed by the state. Those deductions were all illegal.

6.

On defendants' specific instruction, plaintiffs and the class members did not include travel time to job sites in their hours worked, when such time was compensable under both state and federal law. They have not been paid for that time, nor for the overtime it causes.

## CLASS ALLEGATIONS

7.

STRAUB engaged in acts and practices that violated the class members' rights under Oregon law. This action is brought on behalf of all current and former Oregon employees of STRAUB who had one or more of the above-alleged violations.

## NUMEROSITY

8.

The class is so numerous that joinder of all members is impracticable, consisting of approximately 50 persons (given known staffing levels and observed and estimated turnover).

## COMMONALITY

9.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

    a. What deductions defendants made from employees' pay, and whether those deductions were required by law;

    b. What defendants' time reporting policies were, and whether those policies

resulted in a coerced and systematic underreporting and underpayment of time; and

c. Whether the violations were willful, whether and to what extent each defendant is responsible for its and the other defendant's violations under a joint employment or other theory, and what remedies are available for the violations.

## TYPICALITY

10.

Plaintiffs' claims are typical of those of the other class members because:

a. Plaintiffs are members of the class.

b. Plaintiffs' claims stem from the same practice or course of conduct that forms the basis for the class's claims.

c. All of the class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of plaintiffs and the class members, because their claims are for damages provided to each class member separately by statute or the common law.

e. The injuries that plaintiffs suffered are similar to the injuries that the class members suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the class members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications.

**ADEQUACY OF REPRESENTATION BY PLAINTIFFS**

11.

Plaintiffs will fairly and adequately protect the interests of each class because:

a. There is no conflict between plaintiffs' claims and those of the other class members.

b. Plaintiffs have retained counsel experienced in handling class actions involving wage and hour law, who will vigorously prosecute this litigation.

c. Plaintiffs' claims are typical of the claims of the class members in that their claims stem from the same practice and course of conduct that forms the basis of the class claims.

**FIRST CAUSE OF ACTION**

Coerced False Time Reports

12.

All previous paragraphs are incorporated by reference herein.

13.

Pursuant to ORS 652.100, STRAUB was prohibited from compelling, coercing, or otherwise inducing or attempting to induce an employee to create, file, or sign documents containing information that the employer knows is false related to the hours worked or compensation received by the employee. Despite this prohibition, STRAUB ordered plaintiffs and the class members not to include compensable travel time in their weekly hour reports.

14.

Plaintiffs and the class members are entitled to collect $1,000 per pay period, together with injunctive relief, attorney fees, costs, and disbursements per ORS

652.100(2), as well as pre-judgment interest.

## SECOND CAUSE OF ACTION

Unpaid Wages

16.

All previous paragraphs are incorporated by reference herein.

16.

Pursuant to ORS 652.120, STRAUB was required to pay plaintiffs all wages due, when those wages were due, but willfully failed to do so.

17.

Plaintiffs are entitled to collect the wages due in an amount to be proven at trial, together with attorney fees, costs, and disbursements per ORS 652.200, as well as pre-judgment interest.

## THIRD CAUSE OF ACTION

Wrongful Deductions

18.

All previous paragraphs are incorporated by reference herein.

19.

Pursuant to ORS 652.610, STRAUB was prohibited from deducting certain amounts from plaintiffs' and the class members' paychecks but willfully did so.

20.

Plaintiffs and the class members are entitled to (for each violation) the greater of $200 statutory damages or actual damages in an amount to be proven at trial, pursuant to ORS 652.615, together with attorney fees, costs, and disbursements, and pre-judgment interest.

## FOURTH CAUSE OF ACTION

Oregon Minimum Wage

21.

All previous paragraphs are incorporated by reference herein.

22.

Pursuant to ORS 653.025, STRAUB was required to pay plaintiffs and the class members at least the amount of the Oregon minimum wage, when those wages were due, but willfully failed to do so.

23.

Pursuant to ORS 653.055 and 652.150, therefore, plaintiffs and the class members are entitled to the amount of unpaid minimum wages, penalty wages, and attorney fees, costs, and disbursements, and pre-judgment interest.

## FIFTH CAUSE OF ACTION

Oregon Overtime

24.

All previous paragraphs are incorporated by reference herein.

25.

Pursuant to ORS 653.261 and its implementing regulations, STRAUB was required to pay plaintiffs and the class members at least time and a half for all hours worked in excess of 40 in a workweek, when those wages were due, but willfully failed to do so.

26.

Pursuant to ORS 653.055 and 652.150, therefore, plaintiffs and the class members are entitled to the amount of unpaid overtime wages, penalty wages, attorney fees, costs, and disbursements, and pre-judgment interest.

## SIXTH CAUSE OF ACTION

Unpaid Wages Upon Termination

27.

All previous paragraphs are incorporated by reference herein.

28.

Pursuant to ORS 652.140, STRAUB was required to pay plaintiffs and the class members all earned and unpaid wages by the statutory deadline upon termination of employment but willfully failed to do so.

29.

Plaintiffs and the class members are entitled to collect all wages remaining due, in an amount to be proven at trial, together with attorney fees and costs per ORS 652.200, as well as pre-judgment interest, and the 30 days of statutory penalty wages provided by ORS 652.150.

## SEVENTH CAUSE OF ACTION

Conversion

Donald Durland only

30.

All previous paragraphs are incorporated by reference herein.

31.

By misappropriating the money due to plaintiff Donald Durland based upon a false allegation of a draw, defendants exercised unlawful dominion and control over the property, which completely interfered with the employee's right to control it, so that defendants may justly be required to repay the full value of the property.

32.

Plaintiff Donald Durland is entitled to recover the value of the property tortiously converted, in addition to pre-judgment interest, non-economic damages, and punitive damages.

## EIGHTH CAUSE OF ACTION

Money Had and Received

Donald Durland only

33.

All previous paragraphs are incorporated by reference herein.

34.

Defendants have failed to pay to plaintiff Donald Durland money to which *ex aequo et bono* he is rightfully entitled, and equity and good conscience demand that his money be returned to him by defendants.

35.

Plaintiff Donald Durland is entitled to the money unlawfully withheld from him, in an amount to be proven at trial, in addition to pre-judgment interest and punitive damages.

## NINTH CAUSE OF ACTION

FLSA Minimum Wage

36.

All previous paragraphs are incorporated by reference herein.

37.

Pursuant to 29 USC § 206 of the federal Fair Labor Standards Act (FLSA), STRAUB was required to pay plaintiffs at least the applicable federal minimum wage when those wages were due, but willfully failed to do so.

38.

Pursuant to 29 USC § 216(b), plaintiffs are therefore entitled to any unpaid federal minimum wages, plus liquidated damages, and attorney fees, costs, and disbursements.

### TENTH CAUSE OF ACTION

FLSA Overtime

39.

All previous paragraphs are incorporated by reference herein.

40.

Pursuant to 29 USC § 207, STRAUB was required to pay plaintiffs at least time and a half for all hours worked in excess of 40 in a given workweek when those wages were due, but willfully failed to do so.

41.

Pursuant to 29 USC § 216(b), plaintiffs are therefore entitled to any unpaid federal overtime, plus liquidated damages, and attorney fees, costs, and disbursements.

### ELEVENTH CAUSE OF ACTION

Declaratory Judgment

42.

All previous paragraphs are incorporated by reference herein.

43.

Plaintiffs and the class members are entitled to a declaratory judgment declaring STRAUB's violations as outlined above.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court award them and the class members such actual, statutory, punitive, and other damages as set forth above in amounts to be

proven at trial; award attorney fees, costs, disbursements, costs of the action, and expenses of suit; award pre-judgment interest as provided by law; declare defendants' violations as enumerated above; and order such further or alternative relief as the Court deems appropriate.

Dated this _____, 2021

                                                  JON M. EGAN, P.C.

                                                  *Draft* _____
                                                  JON M. EGAN, OSB # 002467
                                                  (503) 697-3427
                                                  Attorney for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing is served on defendants by first-class US mail as follows:

| | | |
|---|---|---|
| Jessie James Straub<br>Straub Construction LLC<br>P.O. Box 333<br>Molalla, OR 97038 | Straub Construction LLC<br>Attn: Jessie James Straub<br>724 Trinity Ct<br>Molalla, OR 97038 | Jessie James Straub<br>32690 S Mathias Rd<br>Molalla, OR 97038 |

And via email:
*Jessie.straubconstruction@gmail.com*

Dated this _____, 2021

JON M. EGAN, P.C.

*Draft* _____
JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiffs