**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DONALD DURLAND and ROBERT FRITCHIE,<br><br>  Plaintiffs,<br><br>v.<br><br>JESSIE JAMES STRAUB, an individual, and STRAUB CONSTRUCTION LLC, an Oregon limited liability company,<br>  Defendants. | Case No. 3:20-cv-00031-IM<br><br>PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT OF DEFAULT |

I. Plaintiffs' Claims ................................................................................................................ 2
  A. Evidence .................................................................................................................... 2
  B. Jessie James Straub was the plaintiffs' joint employer. ........................................... 3
  C. Claims ....................................................................................................................... 7
    1. Coerced False Time Reports ............................................................................... 7
    2. Unpaid Wages ..................................................................................................... 7
    3. Wrongful Deductions .......................................................................................... 8
    4. Oregon Minimum Wage ...................................................................................... 8
    5. Oregon Overtime ................................................................................................. 9
    6. Unpaid Wages Upon Termination ...................................................................... 9
    7. Conversion, Money Had and Received (Donald Durland Only) ........................ 9
    8. FLSA Minimum Wage ........................................................................................ 9
    9. FLSA Overtime ................................................................................................. 10
    10. Pre-judgment Interest ...................................................................................... 10
  D. Judgment ................................................................................................................. 10
II. Counterclaims against Donald Durland ........................................................................... 10
  A. Money Had and Received ....................................................................................... 10
  B. Fraud ....................................................................................................................... 10
  C. Breach of Contract .................................................................................................. 11

**Plaintiffs' motion for entry of judgment of default**               Page 1

Defendants are in default [Dkt. 28–29], and plaintiffs' counsel has been unable to reach defendants to confer under LR 7-1. Plaintiffs move for the entry of judgment of default against defendants. This motion is supported by the Declarations of Jon M. Egan, Donald Durland, and Robert Fritchie submitted herewith.

## I. Plaintiffs' Claims

This is a state and federal wage-and-hour action.

### A. Evidence

Plaintiffs do not have complete time and pay records from their employment with defendants, and defendants did not respond to plaintiffs' discovery requests seeking those documents. Plaintiffs are therefore entitled to prove their damages by just and reasonable inference. *See, e.g.*, *Wells v. Carlson*, 78 Or. App. 536, 542 (1986) ("In some instances, like this one, it might be difficult for an employee seeking unpaid wages to prove the amount owing, because the employer might have kept inadequate records or even intentionally have obfuscated them. In cases where an employe's inability to prove damages arises from an employer's inadequate records, the employer should not be allowed to avoid a statutory wage claim because the claimant's evidence lacks the exactness of measurement that would be possible if the employer had kept the records required by law," citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1964).).

Exhibit 1 to the Declaration of Jon M. Egan ("Egan Dec.") contains all of the time and pay records that plaintiffs were able to obtain prior to defendants firing defense counsel and refusing further communication. Plaintiffs' Declarations submitted herewith give their best estimates regarding the information that is missing from those time and pay records. Exhibits 2 and 3 to Egan Dec. contain the calculations for damages, using the

records when possible and plaintiffs' estimates when not.

### B. Jessie James Straub was the plaintiffs' joint employer.

The Ninth Circuit has held that the FLSA is not limited by the common law concept of who the employer is, but rather "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley,* 180 F.3d 997, 1011-12 (9th Cir.1999) (*en banc,* quotations omitted). The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947). The touchstone is the "economic reality" of the relationship. *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

Those general rules apply to individuals as well as corporations. "Where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (citations omitted). The Ninth Circuit has noted that "the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* at 1094 (internal quotation marks omitted); *see also Solis v. Velocity Exp., Inc.,* No. 03:09-cv-00864-MO, 2010 WL 2990293, *2 (D.Or. Jul. 26, 2010) (noting that an "individual may be personally liable for FLSA violations if he or she exercises control over the nature and structure of the employment relationship or economic control over the relationship," and that a "corporate officer may qualify as an employer if he or she had a significant ownership

**Plaintiffs' motion for entry of judgment of default**                                        Page 3

interest in the corporation with operational control of significant aspects of the corporation's day-to-day functions; the power to hire and fire employees; the power to determine salaries; or the responsibility to maintain employment records.") (internal quotation marks, brackets, and citations omitted).

Courts in this district have found owner/officers with significant operational authority to be employers. *Gutierrez Negrete v. Commercial Roofing Sols. Inc.*, No. 3:18-CV-1999-SI, 2020 WL 1249887, *4-*5 (D.Or. Mar. 16, 2020) ("Burns is personally liable for any FLSA and Oregon wage law violations … Burns is personally liable under the FLSA because he exercised the same control over the employment relationship with Plaintiffs as did CRS. Indeed, CRS acted through Burns, who exercised ultimate authority over the subcontractor agreement with Naranjo. Substantially the same facts and analysis about whether CRS was an employer apply to Burns because he exercised 'control over the nature and structure of the employment relationship, or economic control over the relationship'."); *Chao v. Telecommunications Support Sys., Inc.*, No. CV-03-625-BR, 2005 WL 906486, *1 (D.Or. Apr. 18, 2005) ("Marshall, as President and co-owner of TSSI, was an employer until the sale of his share in the company on January 6, 2003. During Marshall's tenure with TSSI, employees were not paid for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1). Marshall, therefore, is liable for violation of the FLSA, and Plaintiff is entitled to summary judgment as to this issue."); *Perez v. Oak Grove Cinemas, Inc.*, 68 F.Supp.3d 1234, 1245 (D.Or. 2014) ("And, as the sole shareholder of OGC, he had the authority to hire and fire, sign paychecks, and determine the rate of pay. Based on this evidence, David Emami is an 'employer' under section 203(d).").

In determining that an owner/officer's economic control over a company made the

officer an "employer" individually liable under wage and hour law, courts acknowledge the economic reality that, in such cases, the employment decisions of the business entity are indistinguishable from the employment decisions of individual officers. *Solis v. Velocity Exp., Inc.*, No. CV-09-864-MO, 2010 WL 2990293, *3-*4 (D.Or. Jul. 26, 2010), citing *Boucher,* 572 F.3d at 1091 (noting that defendant corporate officers collectively held 100% ownership interest in the corporation), *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir.1995) (affirming the district court's finding that the defendant owned 50% of the corporation), *Dole v. Elliot Travel & Tours,* 942 F.2d 962, 966 (6th Cir.1991) (noting that the defendant co-owned the corporation with his wife), *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983) (noting that the two defendants "together were President, Treasurer, Secretary and sole members of the Board of Directors"), and *Dole v. Solid Waste Servs., Inc.,* 733 F.Supp. 895, 900-01 (E.D.Pa. 1989) (finding three corporate officers jointly and severally liable as employers under the FLSA where those three officers collectively owned and controlled the corporation).).

Importantly, "a corporate officer may be personally liable as an employer even if he or she does not directly supervise employees." *Solis v. Velocity Exp., Inc.*, No. CV-09-864-MO, 2010 WL 2990293, *5 (D.Or. July 26, 2010), citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir.1999), *holding modified on other grounds by Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir.2003) (contemplating liability even in cases where the alleged employer exercises "restricted" or "occasional[ ]" control over the employment relationship). "When analyzing the economic reality of an employment relationship, courts pay particular attention to whether the corporate officer's duties made him or her 'principally in charge of directing employment practices' such that the

**Plaintiffs' motion for entry of judgment of default**                                   Page 5

employer was "instrumental in 'causing' the corporation to violate the FLSA." *Id*. at *5 (citations omitted).

And because Mr. Straub and Straub Construction LLC are joint employers under the FLSA, they are also viewed as joint employers under Oregon law. Because they share the same broad "suffer or permit" definition of employ, Oregon follows federal law with regard to joint employment, and the issues are the same. *See*, *Cejas Commercial Interiors, Inc. v. Torres-Lizama*, 260 Or. App. 87, 97–98 (2013) ("In patterning Oregon's minimum-wage provisions after the FLSA and adopting the FLSA's definition of 'employ,' the legislature adopted an established term of art from federal law. In 1967, when the legislature enacted the minimum-wage provisions, the leading United States Supreme Court case interpreting the definition of 'employ' under the FLSA was, and had been for many years, *Rutherford*. In that case, the Court applied the economic-realities test and explained that the FLSA's definition of 'employ' applies to 'many persons and working relationships, which prior to [enactment of the FLSA], were not deemed to fall within an employer-employee category.' Thus, when the legislature defined 'employ' to include 'to suffer or permit to work,' ORS 653.010(2), the broad scope of that definition and the applicability of the economic-realities test had been established in federal law for at least 20 years.") (brackets in original, citations omitted); *Moore v. Gulf Atl. Packaging Corp.*, No. 3:16-CV-886-PK, 2016 WL 8231142, *15 (D. Or. Nov. 29, 2016), *report and recommendation adopted,* No. 3:16-CV-00886-PK, 2017 WL 540051 (D. Or. Feb. 9, 2017) ("Under Oregon law, an employer is defined as 'any person who employs another person.' Or. Rev. Stat. § 653.010(3). To determine whether a person employs another, the Oregon courts apply an 'economic realities' test. *See Cejas Commer. Interiors, Inc. v. Torres–Lizama*, 260 Or. App. 87, 103 (2013)," noting that *Cejas* cites

**Plaintiffs' motion for entry of judgment of default**  Page 6

*Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)); *see also Dinicola v. State*, 246 Or. App. 526, 534 (2011), *citing Torres–Lopez v. May*, 111 F3d 633, 639–640 (9th Cir. 1997) and *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).

Jessie James Straub was the owner, registered agent, and sole manager of Straub Construction LLC. *See* http://records.sos.state.or.us/ORSOSWebDrawer/Recordpdf/7296277 . Mr. Straub gave the plaintiffs all of their assignments, he told them what time to put and not to put on their time sheets, he hired them, he fired them, and he controlled how much they were paid. Declarations of Donald Durland at ¶ 2 Robert Fritchie at ¶ 2. He is therefore a joint employer with Straub Construction LLC. They will be referred to hereafter collectively as STRAUB.

## C. Claims

### 1. Coerced False Time Reports

Pursuant to ORS 652.100, STRAUB was prohibited from compelling, coercing, or otherwise inducing or attempting to induce an employee to create, file, or sign documents containing information that the employer knows is false related to the hours worked or compensation received by the employee. Despite this prohibition, STRAUB ordered plaintiffs to exclude compensable travel time from their weekly hour reports. Declarations of Durland and Fritchie at ¶ 3.

Plaintiffs are therefore entitled to collect $1,000 per pay period per ORS 652.100(2), as well as pre-judgment interest. These figures are reflected in Exhibits 2 and 3 to Egan Dec. in the column marked "652.100".

### 2. Unpaid Wages

Each plaintiff had hundreds of hours of uncompensated on-the-job travel time. These figures are reflected in Exhibits 2 and 3 to Egan Dec. in the columns marked

**Plaintiffs' motion for entry of judgment of default**           Page 7

"Unpd" and "652.120".

### 3. Wrongful Deductions

In violation of O.R.S. 652.610(3), defendants took a $622.74 deduction from plaintiff Donald Durland's final check, purportedly for a "draw," but he never took such a draw and never gave his written permission for any such deduction. Exhibit 1 to Egan Dec. at p. 99; Declaration of Durland at ¶ 7. Because the amount of the deduction is more than the $200 statutory minimum, Mr. Durland is entitled to $622.74 under O.R.S. 652.615.

In addition, for the first eight pay periods in 2019, defendants overdeducted Oregon Workers' Benefit Fund assessments from plaintiffs' wages, such that plaintiffs were paying a portion of the employer's share of that assessment. The overdeductions themselves were repaid in April of that year. Each plaintiff therefore seeks only the $200 in compensatory statutory damages under O.R.S. 652.615 for those wrongful deductions.

These amounts are reflected in Exhibits 2 and 3 to Egan Dec. in the columns marked "WBF", "Real WBF", "652.615", and "Notes".

### 4. Oregon Minimum Wage

Because each plaintiff had so many uncompensated hours, there were many paychecks in which their wages fell below the applicable Oregon minimum wage in violation of O.R.S. 653.025. Each plaintiff is therefore entitled to a 30-day penalty on the date of the earliest such violation within the three-year statute of limitations period for penalty wages, per O.R.S. 653.055 (which incorporates O.R.S. 652.150). Those amounts are reflected in Exhibits 2 and 3 to Egan Dec. in the column marked "653.055 MW".

### 5. Oregon Overtime

Because each plaintiff typically worked 40 or more hours each week, the large amounts of unpaid compensable travel hours were almost all overtime hours; the failure to pay time and a half for such hours violated O.R.S. 653.261 and its implementing administrative rules. Each plaintiff is therefore entitled to a 30-day penalty on the date of the earliest such violation within the two-year statute of limitations period for overtime penalty wages, per O.R.S. 653.055 (which incorporates O.R.S. 652.150). Those amounts are reflected in Exhibits 2 and 3 to Egan Dec. in the column marked "653.055 OT".

### 6. Unpaid Wages Upon Termination

Because each plaintiff had so many hours remaining unpaid upon termination, which remained unpaid following their termination in violation of O.R.S. 652.140, each plaintiff is entitled to a 30-day penalty, per O.R.S. 652.150. Those amounts are reflected in Exhibits 2 and 3 to Egan Dec. in the column marked "652.150".

### 7. Conversion, Money Had and Received (Donald Durland Only)

This claim is the same as the wrongful deduction claim for the phantom "draw" that occurred in Donald Durland's final paycheck. No additional amounts are reflected in the spreadsheet for this claim.

### 8. FLSA Minimum Wage

On one occasion, each plaintiff was so underpaid for a week that, in addition to falling below the applicable Oregon minimum wage, they also fell below the applicable federal minimum wage, in violation of 29 U.S.C. 206. The liquidated damage amounts under 29 U.S.C. 216(b) are reflected in Exhibits 2 and 3 to Egan Dec. in the column marked "29 USC 216 MW".

9. **FLSA Overtime**

Nearly every week, each plaintiff did not receive overtime pay for their compensable travel time in excess of 40 hours, in violation of 29 U.S.C. 207. The liquidated damage amounts under 29 U.S.C. 216(b) are reflected in Exhibits 2 and 3 to Egan Dec. in the column marked "29 USC 216 OT".

10. **Pre-judgment Interest**

Plaintiffs are entitled to prejudgment interest on all of their Oregon claims, but not their federal FLSA claims. In Exhibits 2 and 3 to Egan Dec., the column marked "6/20/21" contains the prejudgment interest on the Oregon claims only, through today's date.

D. **Judgment**

Plaintiffs therefore seek a total judgment of $399,066.13 as of today's date, made up of $209,049.61 to Donald Durland (with an additional $35.40 in prejudgment interest accruing daily through entry of judgment) and $190,016.53 to Robert Fritchie (with an additional $32.56 in prejudgment interest accruing daily through entry of judgment).

II. **Counterclaims against Donald Durland**

All of defendants' counterclaims should be dismissed with prejudice.

A. **Money Had and Received**

There is no evidence that Mr. Durland "submitted hours for wages and overtime payments that were not proper under state or federal law or company policy." This counterclaim should therefore be dismissed with prejudice.

B. **Fraud**

There is no evidence of fraud. This counterclaim should therefore be dismissed with prejudice.

**Plaintiffs' motion for entry of judgment of default**     Page 10

## C. Breach of Contract

There is no evidence that Mr. Durland breached any contract with defendants. This counterclaim should therefore be dismissed with prejudice.

Dated this June 20, 2021

JON M. EGAN, P.C.

*/s/ Jon M. Egan*

JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiffs